## LAUER vs. BROWN.

The plaintiff, by a written agreement executed on the 9th of October, 1849, agreed to do the mason work, and furnish the materials for erecting a building for the defendant, which was to be completed, except a portion of the plastering, on or before the 20th of November then next; which time was subsequently extended ten days. The building was to be three stories in height; the defendant reserving the right to put on a fourth story, by paying a specified sum per thousand for the brick laid in the walls. *Held* that the defendant's right of election, in regard to the fourth story, could only be exercised while a reasonable time remained for adding another story and finishing the work, with the addition, by the time specified in the contract, or as extended; and that unless the defendant exercised his right of election within that time, he lost it.

*Held also*, that if, within that time, the defendant elected to have a fourth story, the plaintiff was bound to construct it, and perform all the work (except the plastering) by the 30th of November. That the time for completing the job was fixed in reference to all the work, including the fourth story, if that should be determined on.

APPEAL from a judgment entered upon the report of a referee. The action was brought upon a written contract entered into between the parties on the 9th of October, 1849, in these words:

"An agreement between Frederick C. Lauer of the first part, and Jonah Brown of the second part, viz: The party of the first part agrees to do the mason work, and furnish the material requisite for the completing of a building according to the plans and drawings got up by H. Searl, and agreeable to the annexed specifications. The building to be located in the city of Rochester, south side Main street, and the east end of the building is to be put on the east line of lot No. 2, (two,) one half of the wall to be on lot No. 3, (three,) all of which is to be done, finished and completed on or before the 20th day of November next. And in consideration of which, the party of the second part agrees to pay to the party of the first part the sum of fifteen hundred twenty-six dollars and sixty-three cents. And it is further understood that the party of the second part reserves the right to put on a fourth story, agreeing with the plans and drawings of the building, or as

shall be directed, by paying six dollars and fifty cents per thousand for brick laid in the walls. The sills and caps to be placed without further expense to the party of the second part. And it is further understood' that the party of the second has the right to abate such portions of the plastering as he may direct, for which thirteen cents per yard, according to the rule of masonry, shall be deducted and allowed to the party of the second. And the party of the second part reserves the right to make alterations, by paying more if they cost more, and by paying less if they cost less. All directions for alterations to be in writing. Rochester, 1849.

The party of the second part is not in any way to be accountable for hindrance by the joiners. It is further understood that the plastering of the 2d and 3d stories of the building is to be done after the first day of December next, as the party of the second part may direct, should the plastering not be abated."

At or about the time this contract was executed, the time for the completion thereof was extended ten days, by a writing signed by the defendant. The plaintiff, in his complaint, alleged a performance of the stipulations of the contract, on his part, and claimed the sum of $1526.63 as due to him from the defendant. He also alleged that after the making of the contract, the defendant required and directed him to put a fourth story upon the building; which the plaintiff accordingly did; he doing the mason work and furnishing the materials therefor; by reason of which the defendant became indebted to him in the further sum of $339.80. There was also a common count for work and labor, materials found, &c. In a third count of the complaint, the plaintiff alleged, in general terms, a performance of the contract, on his part, a breach by the defendant, and claimed a balance due to the plaintiff of $450, with interest from February 6, 1851, for which sum he demanded judgment. The defendant, in his answer, admitted the making of the contract between the parties, but denied that the plaintiff had performed the same,

within the time, and according to the terms, force and pro-
visions thereof. He denied that he was indebted to the plain-
tiff for work done under the contract, but alleged that he had
paid him, on account of such work, about $1500; and that
he had paid him various other sums, and had other items of
account against him, which he claimed to have allowed to him
by way of payment, set off or recoupment. He also alleged
and insisted that, by the terms of the contract, the plaintiff
was bound to finish and complete the building erected by him
on or before the 20th day of November, 1849; whereas the
same was not completed until six months thereafter; by reason
whereof the defendant lost the rent and use of the said build-
ing for the space of six months, and thereby and otherwise sus-
tained damages to the amount of $600 or thereabouts, which
he claimed to recoup in this suit, and to have allowed to him
thereon. Also that the said building so erected for him by
the plaintiff, as stated in the complaint, was not done in a
proper, skillful and workmanlike manner; but on the contrary,
was done in so bad, unskillful, negligent and improper man-
ner that he, the defendant, had sustained large damages
thereby, to the amount, as he claimed, of $1000, which he
claimed to recoup in this suit, and would insist on the trial
should be allowed to him. He also claimed damages sustained
by him in consequence of the negligence of the plaintiff in
leaving the cistern uncovered, and in not constructing it in a
proper manner.

It appeared in evidence on the trial before the referee, that
between the 1st and 20th of November, 1849, the defendant
gave the plaintiff notice to put up a fourth story; that at that
time the second and part of the third stories were up; that
but for the fourth story the plaintiff would have completed
the building by the 30th of November; that the wall of the
fourth story was completed by or before the middle of Decem-
ber; that the plaintiff was delayed, by the joiners not putting
in doors and windows, a month and a half; that they were
not put in until January, 1850; that after the plastering was

commenced, the defendant directed the work to be suspended until spring; that the defendant was present during the time the work was progressing, giving directions; he required the fourth story to be plastered before any of the others, and gave as a reason therefor that he could not rent the stores until spring; that the building was completed by the first of May, or soon thereafter.

On the part of the plaintiff it was claimed, on the trial, that the building would have been completed so far as it was to be done by him by the 30th November, (the time to which the completion was extended by written stipulation,) if the defendant had not ordered the building of the 4th story, and that such order absolved the plaintiff from his obligation to complete the work by the 30th November. On the part of the defendant, it was insisted, that the engagement on the part of the plaintiff to complete the work by 30th November was binding upon him, whether the fourth story was ordered or not. The referee adopted the plaintiff's construction of the contract; holding that the building which was to be completed by the 20th November, (enlarged to 30th,) was that which was first described in the contract, and for which the defendant was to pay $1524.63. That when he elected to add the other story, it became a different building, with no express limitation as to the time of its completion; which of course left it to the legal rule that it should be done with reasonable diligence; and that in this view no evidence had been offered to show that the plaintiff was in any respect in default. The referee therefore refused to allow the defendant any thing for the loss of rent on the stores in consequence of their not being completed within the time fixed by the contract. He reported that there was due to the plaintiff, from the defendant, the sum of $263.04. And from the judgment entered upon his report the defendant appealed.

*E. Griffin,* for the appellant.

*H. C. Ives,* for the respondent.

*By the Court,* T. R. STRONG, J. We think the construction given by the referee to the contract, in regard to the time for the completion of the work, is erroneous. It is provided by the contract, that the work shall be done by the 20th of November, except some plastering, which was to be done after the 1st of December. The time was afterwards extended by parol to the 30th of November. The building was to be of three stories, with an election to the defendant to have a fourth story. It is supposed by the referee that, upon the defendant electing to have a fourth story, the contract became indefinite as to the period for finishing the job, in like manner as if no time had been specified in it. But we think this right of election could only be exercised while a reasonable time remained for adding a fourth story, and finishing the work with the addition by the time specified in the contract, or as extended. Unless exercised within that time, the defendant lost it. If within that time the defendant elected to have a fourth story, the plaintiff was bound to construct it, and perform all the work, except the plastering, by the 30th of November. The time for completing the job was fixed in reference to all the work, including the fourth story, if that should be determined upon.

Nevertheless, if the defendant assumed to elect to have a fourth story so late that there was not a reasonable time remaining to add that story, and have all the work done by the period named in the contract, or as extended, and yet the plaintiff acquiesced in the election, the circumstances may have been such as to warrant the finding, that the parties mutually waived the stipulation in the contract as to the time when the work should be done.

There is no finding in the case, nor does the evidence clearly show, when the defendant undertook to exercise his right of election, or whether or not within a reasonable time to allow of the completion of the whole work, except the plastering, by the 30th of November; nor is there any finding whether the provision in the contract as to that time was waived by

Bridgeport City Bank *v.* Empire Stone Dressing Co.

the parties.    The conclusions of fact of the referee in respect to these points should be given.

The report of the referee is not in accordance with the rule of the court as to stating the conclusions of law and fact separately, and the printed case is defective in the same particular.    But under the arrangement made by counsel at the argument, we should not send the case back for that reason.

The error in the construction of the contract is a material one, and we think calls for a reversal of the judgment, and a new trial, with costs to abide the event.

Judgment accordingly.

[Monroe General Term, December 5, 1859.    *T. R. Strong, Welles* and *Johnson,* Justices.