## No. 2792.—MARGARET HAUGHERY *v.* H. R. THIBERGE et als.

If the main action is sufficient in amount to give the appellate court jurisdiction of the appeal, then other parties to the suit are entitled to the benefits of the appeal without regard to the amount involved.

An appeal is valid if it be taken by motion in open court, and the bond be given in favor of the clerk. Such appeal will not be held irregular because the party afterward so considered it, and to k another appeal by petition where all the parties were not cited.

A clause in a building contract imposing a penalty of thirty dollars per day upon the builder for failing to complete the building within the time specified can not be enforced against him if the fault for not completing it within the time lies with the other contracting party.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *T. & J. A. Gilmore*, for plaintiff and appellee. *T. S. McCay* and *Roselius & Phillips*, for defendants and appellants.

HOWE, J. A motion has been made to dismiss the two appeals taken herein, the one by Lee, Markey, Carré & Co. and Powers & Dunn, and the other by Charles Donnelly, on various grounds, which are reducible, however to two, viz.:

*First*—That the amount involved does not exceed $500; and

*Second*—That all the parties to the judgment have not been made parties to the appeal.

The amount involved in the case, as between the plaintiff and Thiberge, exceeds two thousand dollars. The appellants were made parties defendant for the purpose of settling their claims upon the fund due from plaintiff to Thiberge; and although the claims of some are less than five hundred dollars, yet we think they are all entitled to appeal, being parties to a dispute in which an appealable amount is at stake.

As to the question of parties, the appeal of Donnelly is valid, having been taken by motion in open court with a bond in favor of the clerk. The fact that he deemed this method irregular, and afterward took an appeal by petition and failed to have all parties cited, can not prejudice him, for the motion of appeal was correctly made, and his rights can not be destroyed by his want of faith in their existence.

As to the appeal taken by Lee and others, it appears that some parties have not been cited; but we are not disposed under the facts of the case to attribute the blame to the appellants. They prayed for citation in such form as to make it the duty of the clerk to attend to the matter. The motion to dismiss is overruled, and

It is ordered that the appellants Lee and others have until the first Monday of November, 1870, to cause the proper parties to be cited.

---

HOWELL, J. This is an action by a proprietor, under a building contract, against the contractor, his surety and several unpaid subcontractors and furnishers of materials, etc., to settle the rights of the

various parties to the unpaid portion of the price fixed by the building
contract. The plaintiff claimed the enforcement of a penal clause for.
failure to complete the work within the stipulated time, and the cost
of completing the building according to the specifications after it was
abandoned by the contractor. From a judgment in favor of the
plaintiff, five of the creditors of the contractor, whose claims amount
to $2918 12, have appealed.

The only error we discover in the judgment is in allowing the
penalty of thirty dollars per day for the delay in completing the con-
tract, and the erasure of the privilege to the prejudice of the appel-
lants for their proportion of the unpaid installment of the price,
$3357 50.

The evidence satisfies us that the delay resulted principally from
the tardiness of the plaintiff in having the party wall, which was unfit
for use, rebuilt in time for the contractor to complete his work. This
old party wall was, by the terms of the contract, to be used in con-
structing the new building without cost to the contractor, and when
the old building was torn down the said wall was found unsafe and
unfit, was condemned by the proper city authorities. and the contractor
was forbidden to use it. The plaintiff was duly notified, but this
wall was not rebuilt until it was too late for the erection of the
plaintiff's building within the time. This was a "lawful excuse" for
the non-performance of the principal obligation within the stipulated
time. R. C. C. 2120, 2122. It is the first and not the second clause of
the latter article that is applicable to this case. The contract was to
build the house by a certain day, and if it was not then built the con-
tractor was to pay thirty dollars per day until it was completed.
But the plaintiff contributed mostly, if not entirely, to this delay, and
she is not in a position to enforce the penal clause.

The judgment seems to be final as to the contractor and those of his
creditors under the contract who have not appealed, and the amount,
$1915 45, remaining in the proprietor's hands out of the unpaid install-
ment after completing the building, not being enough to satisfy the
whole of the claims of the appellants, must be distributed ratably
among them. The allowance of interest on the distribution will not
change the amount to be received, and is therefore omitted in the cal-
culation.

The appellants are not, under the evidence, entitled to judgment
against the plaintiff for the whole amount of their respective claims.
But as they ask it against the defendant Thiberge, the contractor, it,
will be allowed to avoid a multiplicity of actions.

It is therefore ordered that the judgment appealed from be
reversed, as to the appellants herein only, and it is now ordered
that the plaintiff Margaret Haughery be condemned to pay to the

said appellants the sum of $1915 45 out of the fifth and last install-
ment due under her contract of sixth August, 1868, with the defend-
ant H. R. Thiberge, in the following proportions, to wit: To J. G.
Lee $648 60, to P. Markey $364, to W. W. Carré & Co. $320 80, to
Powers & Dunn $98 05, and to C. Donnelly $484, and that the privi-
lege on the lot and building of plaintiff, described in the petition,
in favor of each of said parties, be recognized and enforced. And
it is further ordered that the said J. G. Lee recover of the said H.
R. Thiberge the sum of $991 35 with legal interest from January
12, 1869; that the said P. Markey recover of the said H. R. Thiberge
the sum of $556 55, with legal interest from February 12, 1869; that
the said W. W. Carré & Co. recover of the said H. R. Thiberge
the sum of $490 48, with legal interest from December 24, 1868;
that the said Powers & Dunn recover of the said H. R. Thiberge
the sum of $150, with legal interest from December 27, 1868, and that
the said C. Donnelly recover of the said H. R. Thiberge the sum of
$739 74, with legal interest from December 16, 1868—each of said sums
to be credited with the amounts severally allowed to them by this
judgment out of the funds in the hands of the plaintiff Margaret
Haughery, when paid; the costs of the said appellants in the lower
court, as well as the costs of appeal, to be paid by the said Margaret
Haughery and H. R. Thiberge.

It is finally ordered that in other respects the judgment appealed
from remain undisturbed.