CHARLES V. MARSH

*v.*

PETER KAUFF.

74    189
110a  303

CONTRACT—*right to damages for delay caused by the party claiming them.* Where a written contract for the building of a stable provides that the work shall be completed by a specified day, and that the contractor shall pay the sum of thirty dollars a day for each day's delay after the date mentioned, the employer will have no right to exact damages for a delay caused by his own act in stopping the work.

APPEAL from the Superior Court of Cook county ; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action of assumpsit, brought by Peter Kauff against Charles V. Marsh, to recover a balance due on a contract for building a stable for the defendant. The opinion of the court states the material facts of the case.

Mr. THOMAS H. MARSH, for the appellant.

Mr. ROBERT T. LINCOLN, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the Superior Court of Cook county, on a written contract, dated April 3, 1873, by which Kauff, the appellee, agreed with Marsh, the appellant, to build for him a stable and finish it on or before May 17, of the same year, for the sum of three thousand seven hundred and fifty dollars, which appellant was to pay in installments as the work progressed. In the contract was this clause : "The contractor shall pay the sum of thirty dollars a day for every day's delay after the date mentioned above."

The action was brought to recover an unpaid balance claimed to be due on the work. A jury was waived and the cause submitted to the court for trial.

There was a special plea interposed, to which a special demurrer was put in, which was sustained on the ground that the plea amounted to the general issue. The record shows the facts alleged in the plea went to the court sitting as a jury. The proper plea was a plea of set-off, but it is not material. It claimed damages for the delay according to the stipulation in the contract.

It appears from the record, after the completion of the stable, the defendant set up a claim for thirty dollars a day for delay. When this claim was made it was agreed to submit it to arbitration. The arbitrators were chosen — they met and heard the parties, and then adjourned to find Mr. Lareau, the architect. At this juncture appellant left, saying he would not be needed further. After finding the architect, the arbitrators heard his statement and made an award in favor of appellee. Appellant declined to abide by it, as he did not think the finding correct.

On the trial it does not appear that appellee claimed any thing under the award or any benefit from it. The justification of the court, in failing to find the damages liquidated by the contract, may be attributed to this fact, leaving out of view the ambiguity in the terms, as there are two dates mentioned in the contract that the work was interrupted by appellant himself, at a point of time after the foundation was laid and appellee ready to go on with the superstructure. Owing to disappointment in money arrangements, appellant directed his architect to stop work on the building, and he would pay reasonable damages to the contractor. The delay being caused by appellant, a demand for damages therefor comes with a bad grace, and was properly disallowed by the court.

We can perceive no error in the finding and judgment, nor do we deem it necessary to cite authorities on the point, that a delay caused by the party himself excuses the other party from performance, but refer to the general principle as found in Comyn's Digest, title " Condition," L. 6.

*Judgment affirmed.*