ISAAC GRAVESON *et al.*

*v.*

CHARLES TOBEY *et al.*

CONTRACT — *damages for delay in completing work not excused by delay in others.* Where a party contracts to do the stone cutter's work of a building so as not to delay any of the other work, and to complete the same by a day named, and he is prevented from commencing the work by other contractors not having done their work, until about the time for the completion of his work, and he then proceeds under the contract, he will be bound by its provisions, except as to the time of completing his work, and for any unnecessary delay on his part thereafter he will be liable to respond to his employer in damages.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This was a proceeding, instituted by appellants against the appellees, to enforce a mechanic's lien. The material facts necessary to an understanding of this case appear in the opinion of the court.

Messrs. LEAKE & VOCKE, for the appellants.

Mr. JOHN VAN ARMAN, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It appears that the parties to this suit entered into an agreement, on the 22d day of April, 1872, by which appellants bound themselves to furnish all of the dressed stone, and place it in the building, necessary for the completion of the stone cutters' work of a large five story brick business house. They agreed to complete the work and deliver it to the owners in good order, on or before the first day of August following. They further agreed as follows : " It being understood that the mason work is to be commenced immediately, and be carried on to completion on or before this date, and that the stone cutters' work is to be done in connection therewith, and so that there shall be no delay on account of the stone cutters' work, and that is of the essence of the contract." Appellees agreed to pay them $23,000 for the stone cutters' work, eighty-five per cent as the work progressed, and the remainder when it should be completed.

Owing to the delay of the contractors for the iron work, appellants were unable to commence work until about the time the contract called for its completion. Appellants, however, entered upon the construction of the work, and did not complete it before the 6th of November, and appellees claim not until in December. Appellees, it is conceded, paid $19,550,

542     GRAVESON *et al. v.* TOBEY *et al.*     [Sept. T.

Opinion of the Court.

and appellants did $60 worth of extra work, leaving, as appellants claim, $3,510.40 due them on the contract, and for which they filed a petition to enforce a mechanic's lien on the building. Appellees answered, and set up as a defense that appellants had acted in such a dilatory and slothful manner, that it caused great delay in the completion of the building, whereby they had sustained great damage over and above appellants' claim. A trial was had by consent before the court, without a jury, when appellees' damages were assessed at $1,570.40, which was deducted from the unpaid portion of the contract price, and a decree for $2,000 was rendered in favor of appellants, from which they have appealed to this court, and have assigned errors questioning the decision of the court in allowing damages.

There is no dispute in this case as to the quality of materials furnished, the character of the work done, or any thing connected with the performance of the contract, except the time consumed in performing the work. There is no question but the work was done under the contract, and was so understood by both parties, as they both acted under it as though it was in full force, except as to the time in which it was to be performed. Both parties seem to have waived the delay occasioned by the contractor for the iron work. Appellants did not claim that they were released by the delay, but as soon as the building was ready they entered upon and performed the work as required by the contract, claimed pay under and according to the contract, and finally instituted this proceeding under it, and hence we must, from the action of the parties themselves, conclude that they regarded it as in force and binding in all things, except as to the time when the building should be completed.

This being true, then appellants were bound in all things else to perform their part of the agreement, and on failing to do so, respond in damages sustained by its breach. When they commenced work they were bound to do their work in connection with the brick work, and so that there should be no delay on account of their part of the work. And they were bound to

perform it within the same length of time contemplated by the original agreement. And failing in this, they are liable. Had their work been inferior in materials or skill, and injury had resulted, no one would doubt appellants' liability therefor. So that, in any point of view, we must hold that the terms of the contract must govern.

A careful examination of the evidence satisfies us that appellants were tardy, and failed to use the necessary efforts to perform their contract according to its terms. They did not perform the work so as to prevent delay to the brick masons, and that delay caused delay to others, dependent in the performance of their part of the work on the building, from proceeding to its completion. The delay appellants caused to the brick masons, in like manner, and to a like extent, delayed the joiners, plasterers, painters and glaziers. And thus the completion of the building was delayed. It seems that had there been no delay under the contract, as it was written, appellants would have had about seven weeks in which to complete their part of the work, and that it was all the time that could be reasonably insisted upon is apparent, as one of them stated, when the contract was made, they could do it in thirty days. But allowing them sixty days as being a reasonable time, still, according to their own showing, they did not complete the work for thirty-six days after that time had expired. The evidence shows that for a large portion of the time they had but a small force engaged on this work, nor had they materials to push the work, as they had contracted they would. The building was rented at $1200 a month. At that rate it would require but a trifle more than a month and a fourth, to make the amount of damages allowed by the court below. This would be almost the amount, according to the time appellants claim the work was completed, and the sum would be much larger under appellees' evidence. We are, therefore, of the opinion that the evidence fully sustains the decree, and it must be affirmed

*Decree affirmed.*