Felt v. Smith.

## Louis W. Felt v. William B. Smith and George C. Smith.

1.   Verdicts—*Upon Conflicting Evidence.*—A finding upon conflicting evidence is conclusive upon the Appellate Court, in cases where the record is free from error on the part of the trial court.

2.   Building Contracts—*Taking Possession of Building—Waiver.*—

The taking possession of a building by the owner and an acceptance of the work does not waive the owner's right to recoup such damages as he may have sustained because of the delay in completing the contract.

3. INTEREST—*What is not a Vexatious Delay in Payment.*—A withholding of the payment of items for extras in a building contract (a part of which are denied,) until a settlement of the whole matter could be had, the sum so withheld not being unreasonable in amount as compared with counter claims, ought not of itself to be regarded as a vexatious delay in payment.

**Assumpsit,** for extras, etc. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

CHYTRAUS & DENEEN, attorneys for appellant.

HURLEY & KOERNER, attorneys for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action in assumpsit brought by appellees against appellant upon a contract for the erection of a frame hotel building. The declaration consisted of the common counts, to which the appellant pleaded the general issue. A verdict was rendered in favor of the appellees, for $1,144.33, and judgment was entered thereupon, from which appellant prosecutes this appeal.

The claim of appellees was for a balance alleged to be due on the contract, and for extras thereunder. The appellant says, in his brief, that but four items for extras are disputed, to wit: an item of $193 for putting straps and stirrups in said hotel; an item of $83 for excavating; an item of $55 for an ice box, and an item of $73.40 for lumber.

The contract was dated February 1, 1893, and provided that in consideration of the sum of $24,981, the appellees would furnish all labor and material necessary to construct said hotel building according to plans and specifications of the architect, and complete the same by April 20, 1873.

Prior to the time suit was begun, the entire original contract price had been paid, excepting the sum of $522.45, which, it was admitted, remained unpaid.

The four items for extras, aggregating $404.40, comprise everything claimed by appellees that is defended against, and, of them, but one item, the first one named, for $193, for putting in straps and stirrups, is denied in whole.

Concerning the straps and stirrups, it was clearly enough established by the testimony of the architect, that they were purposely omitted from the specifications, but that in the course of construction the city building inspector stopped the work and required them to be put in; and the architect also testified that he so informed appellant, and that he, the appellant, ordered the appellees to put them in. True, the appellant denied that he ordered them to be put in, but he did so in an argumentative way, by saying that the contract required appellees to put them in, which it is clear, from an inspection of the specifications, was not correct. The straps and stirrups so having to be put in, and so ordered by the appellant, and the jury having heard the evidence as to the reasonable value of so doing, we do not feel called upon to consider any other questions concerning that item.

The other disputed items for extras, aggregating two hundred and eleven dollars and forty cents, might justly be passed over with the remark that the jury found against the appellant, as to them, upon testimony that was conflicting, and that such finding is conclusive upon us. We would, therefore, not disturb the judgment on the facts concerning the disputed items for extras. But we can not justify the instructions to the jury that were given in behalf of the appellees.

The appellant was entitled to have the case tried and determined according to the law, and, claiming damages because of delay in the completion of the building, he was entitled to have the jury properly instructed upon the law applicable to damages in such cases.

The contract provided that the building should be completed by April 20, 1893, and for a *per diem* forfeiture by way of liquidated damages for any delay beyond that date.

There was proof tending, at least, to establish that there was some delay beyond the specified date.

The court gave for the appellees an instruction as follows:

"Third. If the jury believe from the evidence that the building in controversy was substantially finished at or before the date specified in the contract for its completion, and that the plaintiff turned said building over to the defendant, and that said defendant accepted the work and took possession thereof without protest or objection, that then the defendant is bound thereby, and can not now recover damages for any delay."

That instruction does not correctly state the law. The taking possession of a building by the owner, and acceptance of the work, does not waive the owner's right to recoup such damages as he may have sustained because of the delay in completing the contract, if the delay was not caused by his fault. Snell v. Cottingham, 72 Ill. 161; Paddock v. Stout, 121 Ill. 571.

There was evidence tending to show a delay by the contractors, the appellees, beyond the stipulated time for completion of the building, and some evidence tending to show damages sustained by appellant because of such delay.

Whether the delay was excusable or not, under the circumstances, is another question, upon which we express no opinion; but to leave out of the instruction all mention of excuse, and baldly to tell the jury that as a matter of law, no damages were allowable to the owner if he took possession and accepted the work, was clear error, and may quite likely have worked prejudicial harm to the appellant.

The first instruction for appellee is also complained of, and is technically wrong in assuming that something was due to appellees; and is further complained of, because it authorizes the jury to add interest to the amount found to be due in case they believe the payment thereof has been unreasonably and vexatiously delayed. We do not think there is any evidence in the case upon which to base the latter part of the instruction. While it be true, it is admitted, that the balance on the contract price remains unpaid, and that most, in number, of the items for extras are correct, yet a withholding of payment thereof until a settlement of the whole of the mat-

ters in dispute could be had, the amount so withheld being not unreasonable in amount as compared with appellant's counter claims, ought not, of itself, to be regarded as a vexatious delay in payment.

As to the question that no allowance for extras is permissible except when ordered in writing, as provided by the contract, we think the course of conduct of the parties, as shown by the evidence, may well be regarded as a waiver of that provision of the contract.

But, for the error in the third instruction, regarding the taking possession by the owner, the judgment will have to be reversed and the cause remanded.