HENRY B. WALLIS & another *vs.* INHABITANTS OF WENHAM.

Essex. November 5, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Contract,* Building contracts, Performance and breach.

If a contractor agrees to complete a building by a date named, and to forfeit $10 for every day thereafter that the work remains unfinished, and performance within the time fixed by the contract is made impossible by additional requirements of the owner of the building, which are complied with by the contractor without objection, this does not absolve the contractor from his obligation to complete the building by the day named so far as he is not prevented from doing so by the owner of the building, and if, after the day named for the completion of the building, further delays occur by reason of want of diligence on the part of the contractor, he must forfeit $10 for each day of delay thus caused by him.

CONTRACT for a balance alleged to be due on a contract in writing for the construction of a school house for the defendant. Writ dated May 27, 1907.

At the trial in the Superior Court before *Fessenden,* J., without a jury, it appeared in evidence that the plaintiffs and the defendant, the latter acting through a building committee duly appointed and authorized, mutually executed a contract in writing, by which the plaintiffs agreed to construct a school house for the defendant according to the plans and specifications of a certain architect, for a fixed price; and, the defendant having

paid certain instalments of the price, this action was brought to recover the balance of the contract price, and for certain extras.

The provisions of the contract material to the action were as follows:

" The contractor shall prosecute the work speedily and continuously and the entire work covered by this contract shall be finished by the first day of January, 1907. The damages for default are fixed at $10 for every day thereafter that the said work shall remain unfinished.

" The contractor shall permit other contractors or employees of the owner to prosecute their work, and shall render them all necessary assistance.

" If, in the opinion of the architect, the contractor is obstructed or delayed in the prosecution or completion of the work by the neglect, delay or default of any other contractor, or by any damage which may happen thereto by fire or by the unusual action of the elements or by the abandonment of the work by the employees in a general strike, then the contractor shall be entitled to such extension of the time specified above for the completion of the work as the architect shall in writing certify, provided, however, that claim is made by the contractor at the time and in writing.

" The town will provide all necessary apparatus, fuel and attendance for thoroughly heating the building during cold weather."

It appeared in evidence that the contract was executed on August 9, 1906. There was evidence tending to show that the plaintiffs thereupon began the construction of the building and proceeded therewith until about November 12, at which time the building was ready to be lathed ; that on or about that date the defendant, through its committee, requested the plaintiffs not to proceed to lath the building as they were considering the matter of wiring and did not want it lathed until after the wiring was done ; that the plaintiffs at that time already had made a contract with the mason for the lathing and plastering ; that the mason had brought his laths upon the premises and was ready to proceed ; that the plaintiffs, in compliance with the defendant's request, notified the lather not to proceed with the lathing until it was determined whether or not the building should be

wired, and, if so, not until the wiring was finished; that the defendant's committee kept the matter of wiring under consideration until November 21, when the committee appointed a sub-committee, "to find out the cost of wiring the new school building for electric light"; that the committee on December 1 voted "to have the wiring done at once"; that thereupon the architect made specifications for the wiring, and bids for the work were submitted; that the contract for wiring was awarded about December 6, and the wiring was finished on December 19; that the plaintiffs were unable to begin the lathing until about December 24; that the defendant made no attempt to furnish any heat in the building until January 6; that previous to that time, during November and December, the weather had been very cold; that the lathing was delayed by lack of heat and the plastering could not be put on until the building was heated; that the plaintiff began the plastering on January 6, or as soon as the defendant heated the building; that after January 1 the plaintiffs continued in the construction of the building, and completed it about March 9. There was evidence of delays caused by the plaintiffs and by the defendant after January 1. The plaintiffs were ready to proceed with the plastering and the other work of finishing the building immediately following the lathing, and, if they had not been delayed by the wiring, they could have finished their contract by January 1, 1907.

There was also evidence tending to show that the architect did not specify in writing that the plaintiffs were entitled to any extension of time from the time specified in the contract for the completion of the work, and the plaintiffs made no claim in writing at the time, or at any time, for any extension; that if the wiring had been omitted, and if there had been no acts or omissions of the defendant after January 1 contributing to delay, the approximate date on which the plaintiffs would have completed their contract was February 1, 1907; that the contract was not completed until March 7, 1907; and that there were acts and omissions of the defendant after January 1, 1907, which contributed to the delay in the final completion.

The judge found as a fact that the plaintiffs could have completed their contract on or before January 1, 1907, if they had not been interrupted or interfered with by the defendant; that

they did not object to the interruptions or interference on the part of the defendant; and that in consequence of the interruptions and interference on the part of the defendant the plaintiffs were so delayed that they could not reasonably finish the work before February 1, 1907; that notwithstanding the interruptions and interference they could have finished it reasonably by February 1, 1907; that they did not prosecute the work reasonably, and delayed the completion of the work unreasonably for the period of thirty-one days after February 1; and the judge allowed the sum of $310 for such delay.

The plaintiffs asked the judge to rule:

"That if the defendant requested the plaintiffs to delay operations under their contract for such a time as prevented them from completion of the work on the first day of January, 1907, then the plaintiffs were not liable to the defendant for the penalty provided in the contract and the defendant is not entitled to set off any damage for delays under such clause.

"That if the defendant by its actions caused any postponement of the completion of the work beyond the time set in the contract, the plaintiffs were thereby relieved altogether from the penalty of $10 per day provided for in the contract."

The judge refused to make either of these rulings, and found for the plaintiffs in the sum of $3,690.36, which was the amount claimed by them less the sum of $310, being $10 per day for the portion of the delay in finishing the building found by the judge to be chargeable to the plaintiffs. The plaintiffs alleged exceptions.

*D. N. Crowley*, for the plaintiffs.

*A. P. White*, for the defendant.

SHELDON, J.  The plaintiffs contend that the acts of the defendant in causing delay in the execution by the plaintiffs of their contract resulted as matter of law in abrogating the time limit fixed by the agreement of the parties, and left the plaintiffs under no further obligation as to this matter than the duty of completing the construction of the building within a reasonable time.  They also contend that for any failure on their part to complete their work within a reasonable time they could be held only for the actual damages shown to have been caused thereby to the defendant, and not for the liquidated damages

fixed by the original agreement. There are some decisions, and some dicta in other decisions, which sustain their contention. *Dodd* v. *Churton*, [1897] 1 Q. B. 562. *Holme* v. *Guppy*, 3 M. & W. 387. *Willis* v. *Webster*, 1 App. Div. (N. Y.) 301. *Graveson* v. *Tobey*, 75 Ill. 540. And we understand it to be universally agreed that under such an agreement as this the owner cannot hold the contractors liable in the amount of the stipulated damages for any delays which have been due to his own fault. *Russell* v. *Bandeira*, 13 C. B. (N. S.) 149. *Kenny* v. *Monahan*, 169 N. Y. 591, affirming *S. C.* 53 App. Div. (N. Y.) 421. *Home Bank* v. *Drumgoole*, 109 N. Y. 63. *Marsh* v. *Kauff*, 74 Ill. 189. *Palmer* v. *Stockwell*, 9 Gray, 237. *Amoskeag Manuf. Co.* v. *United States*, 17 Wall. 592. But in many of the decisions in which contractors have been completely exempted from such liquidated damages for a failure to finish the whole work within the stipulated time it has been either assumed or found as a fact that the whole of the delay was due to the fault of the owner or of persons for whose conduct the owner was responsible. *Ludlum* v. *Vail*, 166 N. Y. 611, affirming *Smith* v. *Vail*, 53 App. Div. (N. Y.) 628. *Perry* v. *Levenson*, 82 App. Div. (N. Y.) 94. *Boden* v. *Maher*, 105 Wis. 539. *Weber* v. *Collins*, 139 Mo. 501. *White* v. *Fresno National Bank*, 98 Cal. 166. *Erickson* v. *United States*, 107 Fed. Rep. 204. *Altoona Electrical Co.* v. *Kittanning & Ford City Street Railway*, 126 Fed. Rep. 559. *District of Columbia* v. *Camden Iron Works*, 15 App. Cas. (D. C.) 198. *Dunavant* v. *Caldwell & Northern Railroad*, 122 N. C. 999. So in *Cornell* v. *Standard Oil Co.* 91 App. Div. (N. Y.) 345, the contractor finished the work as soon as the owner allowed him to do it. This was the principle applied in *Champlain Construction Co.* v. *O'Brien*, 117 Fed. Rep. 271, in which the owner was found to be principally at fault for the delay which had occurred, but it was impossible to apportion the responsibility between him and the contractor. In other cases it appeared that the owner had not performed certain obligations on his part which, upon the proper construction of the contract, were found to be conditions precedent to the obligation of the contractor to finish his work by the stipulated time or pay the liquidated damages for his delay. The most frequent example of such a construction occurs when the contractor's agreement

to have his work completed at a stipulated period and in default thereof to pay liquidated damages at a fixed rate is accompanied by an engagement of the other party that full opportunity to begin and prosecute the work shall be given to the contractor on or before some previous fixed day. Until the condition precedent has been performed the liability of the contractor under the agreement as to the time of completion does not accrue. *Gilbert & Barker Manuf. Co.* v. *Butler,* 146 Mass. 82, 84, 85. *Dannat* v. *Fuller,* 120 N. Y. 544. *Weeks* v. *Little,* 89 N. Y. 566. *Granberg* v. *Gardner,* 51 App. Div. (N. Y.) 610. *Deeves* v. *New York,* 60 N. Y. Super. Ct. 339. *Long* v. *Pierce County,* 22 Wash. 330. *Standard Gaslight Co.* v. *Wood,* 61 Fed. Rep. 74. In other cases the delay for which the owner was responsible had so altered the circumstances, — for example by postponing the construction to a more unfavorable season of the year, — as to make it manifest upon a fair construction of the agreement that the parties could not have intended that the stipulations as to time should still remain in force. *King Iron Bridge & Manuf. Co.* v. *St. Louis,* 43 Fed. Rep. 768. *Lauer* v. *Brown,* 30 Barb. 416, 420. *Haughrey* v. *Thiberge,* 24 La. Ann. 442. *Gutmann* v. *Crouch,* 134 N. Y. 585. See *Drumheller* v. *American Surety Co.* 30 Wash. 530.

In the case at bar, however, none of the special circumstances above stated have been found to exist. The plaintiffs chose to make an agreement that their entire work should be finished by January 1, 1907, and in default thereof that they would pay the sum of $10 for each day thereafter while the work should remain unfinished. They made this agreement absolutely, subject only to the exception that in certain contingencies, upon their written request, they might be allowed such additional time as the architect in charge of the work should certify. It is not claimed that this exception is now material to be considered. Their work was not finished at the appointed time; none of the special circumstances which might avail to exonerate them completely from the liability which they voluntarily assumed have been found to exist; and they must be held to that liability, subject only to the limitation that the defendant shall not be allowed to recover from them damages for the delay which was caused by the acts of the defendant itself.

*Morrison* v. *Richardson*, 194 Mass. 370. This was assumed to be the rule in *Phaneuf* v. *Corey*, 190 Mass. 237, and in *Norcross Brothers Co.* v. *Vose*, 199 Mass. 81, 91, 92. It is implied in the language used in *Davis* v. *La Crosse Hospital Association*, 121 Wis. 579, and in *Amoskeag Manuf. Co.* v. *United States*, 17 Wall. 592. The builder is not relieved from his contract; but the owner cannot recover for delays which have been caused by himself or by those for whose conduct he was responsible. The parties are taken to have understood that the contractor's time limit was extended by the amount of such delays. *Curry* v. *Olmstead*, 26 R. I. 462, 463, 464. *Huckestein* v. *Kelly & Jones Co.* 139 Penn. St. 201. *White* v. *Braddock Borough School District*, 159 Penn. St. 201. *Lilly* v. *Person*, 168 Penn. St. 219. *Focht* v. *Rosenbaum*, 176 Penn. St. 14. *Abbott* v. *Gatch*, 13 Md. 314. *Small* v. *Burke*, 92 App. Div. (N. Y.) 338. *Hebert* v. *Weil*, 115 La. 424. *Reichenbach* v. *Sage*, 13 Wash. 364, 372. *Vanderhoof* v. *Shell*, 42 Ore. 578. *Texas & St. Louis Railway* v. *Rust*, 19 Fed. Rep. 239. *Mason* v. *Rempe*, 41 S. W. Rep. 694. *Neblett* v. *McGraw*, 41 Tex. Civ. App. 239. *Boston Store* v. *Schleuter*, 88 Ark. 213. *Chicago Bridge & Iron Co.* v. *Olson*, 80 Minn. 533. The same rule under a similar stipulation as to the duty of the owner was applied on the contention of the contractor in *Snead Co. Iron Works* v. *Merchants Loan & Trust Co.* 225 Ill. 442.

It follows that both of the instructions requested were rightly refused; and as we have before us only the exceptions of the plaintiffs we need not consider whether under the terms of the agreement and upon the evidence before him the judge at the trial was warranted in finding that the plaintiffs had been at all unduly delayed by the defendant in the prosecution of the work contracted for.

                                *Exceptions overruled.*