GAMM CONSTRUCTION Co., Plaintiff-Appellee, *v.* ALICIA TOWNSEND *et al.,* Defendants-Appellants.

(No. 74-48;

Second District (1st Division)—October 17, 1975.

Jay J. Johnston, of Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, for appellants.

Wasneski, Yastrow, Kuseski & Flanigan, of Waukegan, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Gamm Construction Co., as a subcontractor under an agreement with the contractor, Donald Richards, sued to establish a mechanic's lien based upon the performance of concrete and masonry work on the property of Alicia Townsend performed prior to the termination of the contract by the defendant contractor. The court entered judgment for the plaintiff in the amount of $10,500. Defendants appeal, claiming that the judgment is against the manifest weight of the evidence and that the amount of the lien was incorrectly established.

In 1970 the defendant Richards entered into a verbal contract with the owner Alicia Townsend for the construction of a substantial residence on lake front property in Lake Bluff. Richards accepted Gamm's bid for the concrete and masonry work and a written contract was entered into on September 29, 1970. The contract provided that the work was to be completed within 70 (working) days for the sum of $45,677 subject to the usual exceptions for bad weather, strikes or acts of God. In addition, there was a written notation by Gamm that there would be a "$50.00 per working day penalty."

In a letter dated March 19, 1971, and postmarked March 22, 1971, Richards stated to plaintiff that he had 48 hours to cure certain defects in the work and to complete the job. Richards sent a second letter postmarked March 24, 1971, to plaintiff ordering him off the job. Richards then completed the job himself.

The principal dispute centers on the reasons plaintiff was ordered off the job and the responsibility for the delay in completing the work. There was testimony by the plaintiff and his field superintendent that a 3- or 4-day delay arose because of Richards' inexperience and indecisiveness in determining whether to extend the home several more feet and in deciding whether the foundation would be formed of reinforced concrete which required that reinforcing rods be obtained. There was testimony

that there were further causes for delay because of poor access to the building site estimated to account for 2 or 3 days and that there was a 2- or 3-week delay because of weather conditions. Finally, there was testimony that changes from the original plans ordered by Richards caused at least a 4-day delay. Plaintiff and his building superintendent also testified that there was no complaint at any time when they were on the job about the quality of the plaintiff's work, except that on one occasion Richards asked Gamm to put more men on the job because of the weather delays. There was additional testimony by an employee of Gamm who estimated that if plaintiff had been allowed to complete the job it would have taken 5 men working at normal speed 10 days to complete the remaining masonry work. This was implicitly contradicted by the testimony of a mason contractor who did the job estimate for plaintiff who stated that, in his opinion, the masonry work was approximately 40 to 50% completed when plaintiff was dismissed.

Richards in his testimony conceded that he had ordered several changes which were not included in the plans for the home including the furnishing and installing of concrete grade beams across the front entry and changing the shape of four windows on the first floor from square to arched. Another window changed from 5 feet to 8 feet necessitated dismantling and reconstructing part of a previously constructed wall. Richards also conceded that he had plaintiff change the height of the garage ceiling which required the blocking of 20 joists. Richards also conceded that this home was the first he had contracted as a general contractor and that he had no background in engineering or architecture. He stated, however, that the changes due to his change orders caused no delay and he did not believe the weather delays were as severe as indicated, estimating that there were only 16 or 17 work days lost because of weather.

He said that he had told Gamm several times to put more men on the job and when this was not done he wrote the letter of March 19, 1971. He also testified to workmanship which he characterized as faulty.

In holding for the plaintiff, the judge found that, although the contract contained a provision that the job was to be completed within 70 good working days, Richards had waived that provision by failing to hold plaintiff to the provision by making additions to the job and by failing to inform plaintiff after the expiration of the 70 days that the provision was to be in full force and effect. The amount of $10,500, which he awarded, was determined by a review of the record as to the amount of labor and materials plaintiff had furnished for the job.

■■ Defendants contend that the judgment was against the manifest weight of the evidence because Gamm breached the contract by being

on the job 116 days without completion. They contend that the court erred in finding that defendant waived the provision in view of the letters which defendants claim show that there was no intentional relinquishment of a known right. Defendants also contend that the court erred in using the labor and material costs in computing damages rather than requiring plaintiff to present evidence as to the value of the improvement. Finally, defendants argue that the penalty provision should have been computed as a setoff. Plaintiff responds that Richards breached the contract after causing the delays and waived the completion date by his conduct; and that, in the absence of an intervening mortgagee, a lien claimant need not prove enhancement in value of the property but instead proves damages by evidence of the costs of labor and material. Gamm also argues that the defendants are not entitled to a setoff under the penalty clause because they did not plead a setoff and because they waived the penalty when they waived the 70-day completion date.

As a trier of the facts, the judge was in the position to choose between conflicting testimony on the basis of credibility and we may not upset his findings of fact unless they are shown to be against the manifest weight of the evidence. *Geist v. Lehmann*, 19 Ill.App.3d 557, 561 (1974); *Hill Behan Lumber Co. v. Marchese*, 1 Ill.App.3d 789, 791 (1971); *Hunter v. DeMay*, 124 Ill.App.2d 429, 435 (1970).

We conclude that there was sufficient evidence to support the judgment. There was testimony from which the court could find that the delays in the performance of the contract were caused by Richards' actions. When his own actions prevent performance, one party to a contract is precluded from claiming nonperformance by the other. (*Ehard v. Pistakee Builders, Inc.*, 111 Ill.App.2d 227, 233 (1969). See also *Taylor v. Renn*, 79 Ill. 181, 185 (1875); *Ahmer v. Peters*, 17 Ill.App. 2d 113, 118-19 (1958).) Further, there was evidence from which the court could find that Richards waived the 70-day completion provision by allowing the plaintiff to continue to work until March 21, 1971, which was long past the date it would become effective. The delay in performance of a contract may be waived by conduct indicating that the contract is still in effect. *Board of Education v. United States Fidelity & Guaranty Co.*, 115 Ill.App.2d 416, 427 (1969).

■■ Even if it could be assumed that defendant's letter postmarked March 22 effectively reinstated the previously waived 70-day completion clause, the result would be the same. After delays in performance have been waived a contract cannot be rescinded for failure to strictly perform without giving notice and a reasonable opportunity to perform which was clearly not done. See *Schmahl v. Aurora National Bank*, 311

Ill.App. 228, 234 (1941). *Cf. Cantrell v. Kruck*, 25 Ill.App.3d 1060, 1064 (1975), and cases cited therein.

■■ There was also competent evidence to support the amount of the lien. It is conceded that plaintiff established that at the time defendant terminated the contract plaintiff's labor and material costs totaled $31,100 of which $20,600 had been paid. We find no support for defendant's argument that plaintiff was required to prove enhancement in value by his performance. Under section 21 of the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82, par. 21) a subcontractor is given a lien for the value of labor and materials furnished, provided that it shall not exceed the contract price. See *Herbert Shaffer Associates, Inc. v. First Bank*, 30 Ill.App.3d 647 (1975).

Defendants argument that section 1 of the Mechanics' Liens Act (Ill. Rev. Stat. 1973, ch. 82, par. 1) is applicable and requires proof of enhancement in value of the property upon which the work is performed is without merit. This section of the act is not addressed to liens of subcontractors. The case of *Moulding-Brownell Corp. v. E. C. Delfosse Construction Co.*, 304 Ill.App. 491 (1940), does not support defendants argument that plaintiff is required to prove enhancement in value of the property in order to establish his lien. The case interprets section 16 of the Mechanics' Liens Act pertaining to the priority of encumbrances and does not establish the elements necessary to prove the value of the subcontractor's lien. See 304 Ill.App. 491, 497.

We also conclude that the court correctly ruled that defendants were not entitled to a setoff on the basis of the $50 per day penalty clause. The finding that the 70-day completion clause was waived, with which we have agreed, effectively disposes of this claim on its merits.[1] A party who delays the completion date of a contract cannot thereafter claim damages if the other party is delayed. *Marsh v. Kauff*, 74 Ill. 189, 190 (1874); *Edward Edinger Co. v. Willis*, 260 Ill.App. 106, 126 (1931); *Strobel Steel Construction Co. v. Sanitary District*, 160 Ill.App. 554, 559-60 (1911).

*Felt v. Smith*, 62 Ill.App. 637 (1896), cited by the defendants is inapposite. In that case the appellate court held that an instruction, which stated that a defendant who accepted work without objection could not recover damages for any delay, did not correctly state the law. The court

---

[1] It also appears that defendants have not complied with procedural requirements in order to entitle them to a setoff. While there is authority that affirmative relief can be granted in the absence of the formality of a counterclaim if the answer contains the necessary elements to plead a counterclaim (*American National Bank & Trust Co. v. Mar-K-Z Motors & Leasing Co.*, 11 Ill.App.3d 1046, 1049 (1973)), the necessary element of a prayer for relief was here lacking.

went on to say, however (62 Ill.App. 637, 640), that taking possession did not waive the right to damages for delay "if the delay was not caused by his fault." Here, the court found substantial delay due to the fault of the contractor. Nor is *Board of Education v. United States Fidelity & Guaranty Co.,* 115 Ill.App.2d 416, 427 (1969), helpful to defendants. There the contractor by a contract with the school board was compelled to accept a certain subcontractor, and could not dismiss him for his delays. Therefore, the court held that although the contractor may have waived the time of performance it did not waive the right to sue for damages. In the present case the defendants were not precluded under the contract from terminating the contract with Gamm and in addition were found to be responsible for the delays.

We therefore affirm the judgment.

*Affirmed.*

GUILD and HALLETT, JJ., concur.