THE LIVOLSI CONSTRUCTION COMPANY, INC. *v.*
NORMAN S. SHEPARD ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 4—decided July 9, 1946

*Joseph L. Melvin,* for the appellant (defendant Jessie M. Shepard).

*Leo V. Gaffney,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff brought this action to recover damages on the ground that it was prevented from completing the construction of an addition to a dwelling house under a contract with the defendant Jessie M. Shepard, to whom we shall hereafter refer as the defendant. The trial court rendered judgment for the plaintiff against the defendant on the complaint and on a counterclaim of the defendant for breach of contract by the plaintiff, holding that the defendant prevented the plaintiff from performance and that the latter was entitled to the reasonable value of work done and materials furnished. From this judgment the defendant has appealed. The decision of the case turns upon the question of support in the evidence for the court's finding and conclusion that the plaintiff was prevented by the defendant from installing siding on the building, the completion of which would entitle it to a payment on the contract.

Undisputed facts are as follows: The defendant entered into a written contract with the plaintiff through its agent Joseph LiVolsi for the erection of an addition to a dwelling house on her land. The contract provided that the plaintiff was to furnish the labor and part of the material and the defendant was to furnish the balance of the material, including siding. As originally drawn, the contract provided that the defendant was to pay the plaintiff every two weeks for 85 per cent of the work done, but this was later changed to provide that $200 was to be paid when the foundation was completed, $500 when the house was rough sheathed, $500 when the roof was shingled, the siding and chimney completed and the windows installed, and the balance when the entire job was finished. The first two payments were made.

Payment of the third was refused, the plaintiff quit the job and it was completed by another builder engaged by the defendant.

The trial court found that the defendant pursued a course designed to prevent the plaintiff from completing the work which would entitle it to the third payment, interrupted and interfered with the plaintiff's workmen, delayed furnishing necessary material and refused to permit the workmen to continue with the work on the siding. The defendant attacks these findings.

From the testimony most favorable to the plaintiff it appears that when the plaintiff was about to put on the siding the defendant on several occasions ordered it to stop and that she said that all of the material for it was not on the job and that she did not wish the work to proceed until it was. The plaintiff's agent, LiVolsi, testified that he did not know whether or not there was sufficient siding to complete the job; that he did not measure it and had to take the defendant's word for it; that she further said that if he completed the siding he would be entitled to his $500 payment; that she wanted him to do inside work instead and at her request he did this; that her purpose was to avoid payment of the $500 at that time; that when he had done the inside work he asked for the third payment, claiming he had done work which was the equivalent in value of putting on the siding, and was told that the siding was not up according to the contract and payment was therefore not due; that he was then willing to put up the siding but the defendant said that part of the material was not present; that later he started to leave the job, thinking the siding was not there, whereupon the defendant said it was all there; and that he

commenced to put part of it up and she said she would tell her husband what he was doing, and he thought it best to stop and did, telling the defendant that he would not do any more work until he was paid for what he had already done.

Prevention of performance by the defendant would justify recovery by the plaintiff. *Connelly* v. *Devoe,* 37 Conn. 570, 576; *Home Banking & Realty Co.* v. *Baum,* 85 Conn. 383, 387, 82 A. 970; *Hoyt* v. *Pomeroy,* 87 Conn. 41, 46, 86 A. 755; *Rockwell* v. *New Departure Mfg. Co.,* 102 Conn. 255, 291, 128 A. 302; *Tracy* v. *O'Neill,* 103 Conn. 693, 699, 131 A. 417; *Cone* v. *Pedersen,* 131 Conn. 374, 379, 40 A.2d 274; Restatement, 1 Contracts, § 315, Conn. Annot. The question before us is whether under the facts stated there was a prevention.

In the absence of an express covenant there is an implied one that the contractor shall be permitted to proceed with his construction in accordance with the contract and that he shall be given possession of the premises to enable him to do so. *Gray* v. *Bekins,* 186 Cal. 389, 395, 199 P. 767; *Rockwell* v. *New Departure Mfg. Co.,* supra, 289. A delay caused by the owner may constitute a breach excusing performance as required by the contract. *Stehlin-Miller-Henes Co.* v. *Bridgeport,* 97 Conn. 657, 663, 117 A. 811; *Guerini Stone Co.* v. *Carlin Construction Co.,* 248 U. S. 334, 340, 39 S. Ct. 102. "In order to amount to a prevention of performance . . . the conduct . . . must be wrongful, and, accordingly, in excess of . . . legal rights." 5 Page, Contracts (2d Ed.) § 2919, p. 5145. Threats do not make performance impossible and cannot be treated as discharging the contract; id., p. 5146. "The mere fact that permitted conduct of this nature by one promisor

renders unpleasant or inconvenient performance by the other of his agreement effects no discharge of that obligation." *Godburn* v. *Meserve,* 130 Conn. 723, 726, 37 A.2d 235.

So far as the defendant's order to stop work is concerned, there was no physical interference with the work. There was no threat of nonpayment if the plaintiff proceeded with it. The defendant did not exclude the plaintiff from possession of the premises. See *Gray* v. *Bekins,* supra. As contractor, the plaintiff had the right to possession and the right to proceed with the installation of the siding. It yielded these rights and now seeks redress because of its failure to insist on its rights and to proceed under the contract. The situation comes within the ruling in *Godburn* v. *Meserve,* supra. The evidence discloses that the defendant was unduly officious in the manner in which she "superintended" the work, but it does not appear that she did anything in this respect that she was not legally entitled to do. The trial court was not justified in its conclusion that she wrongfully prevented the plaintiff from performing its undertaking under the agreement.

The trial court further found that the defendant delayed furnishing material which the contract required her to furnish and which she knew was needed for the progress of the work. In view of the fact that the plaintiff's agent testified that he was informed by the defendant that all of the siding material was at hand and that he commenced to put it on and then stopped, the trial court was not warranted in its finding and conclusion that the defendant failed to furnish material in violation of the contract and so prevented performance.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.