HARTFORD ELECTRIC APPLICATORS OF THERMALUX, INC.
*v.* ARTHUR H. ALDEN ET AL.

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued February 6—decision released July 22, 1975

*Ivar A. Jozus,* for the appellants-appellees (defendants).

*Lester Katz,* for the appellee-appellant (plaintiff).

LONGO, J. The plaintiff, a dry wall subcontractor, sued the defendant owner-contractors, claiming $5347 due under a contract. The defendants denied that the plaintiff performed under the contract and, in their special defense and counterclaim, alleged that the plaintiff failed to complete the work in a thorough and workmanlike manner as required by the contract. The defendants further counterclaimed for liquidated damages under the terms of the agreement, claiming that the work was completed 114 days late. The court rendered judgment for the plaintiff in the sum of $5347 and for the defendants under their counterclaim in the sum of $1350, from which both parties appealed.

The defendants claim that the plaintiff failed to satisfy the terms of the contract, which provided that the work of the plaintiff was to be performed "in a good, substantial, thorough and workmanlike manner . . . and in every respect complete . . . to the full satisfaction of . . . [the] Architect"; the plaintiff, therefore, should not recover the amount due. "[W]here the court can see from the contract that it was the intent of the parties that the performance on the one side was not to be conditioned on the performance on the other, the promises will

be construed as independent." *Finlay* v. *Swirsky,* 103 Conn. 624, 635, 131 A. 420; Williston, Contracts (3d Ed.) §§ 665, 669. Consequently, the parties can recover damages consistent with the losses suffered and they are left free to prove their damages by the requisite degree of persuasion. Thus, the terms of the contract requiring performance in a workmanlike manner to the satisfaction of the architect constitute a promise by the plaintiff. *Strimiska* v. *Yates,* 158 Conn. 179, 185, 257 A.2d 814; *Lach* v. *Cahill,* 138 Conn. 418, 421, 85 A.2d 481. The finding, supported by the evidence printed in the appendix to the plaintiff's brief, supports the conclusion that the work was performed in a workmanlike manner. Consequently, the court correctly refused to award damages to the defendants on that counterclaim.

Another clause of the contract, however, unmistakably provides that payment by the defendants is conditioned upon approval by the architect,[1] who is also an owner-contractor and a codefendant. See *Haugen* v. *Raupach,* 43 Wash. 2d 147, 260 P.2d 340; Silverstone, "Satisfaction in the Performance of Contracts," 2 Conn. B.J. 10. The finding, as supported by the evidence printed in the appendices to the briefs, indicates that the plaintiff, in response to the architect's expression of dissatisfaction with certain portions of the work, effected some repairs. The architect, however, never returned to inspect

---

[1] The contract provides, in pertinent part: "In consideration whereof, the said Contractor [owner] agrees that he will pay to the said Sub-contractor . . . the sum of $26,496 . . . , said amount to be paid as follows: 100 per cent (100%) of all labor and material which has been placed in position and . . . completed, approved by said Architect . . . . (Payments shall be made . . . within 15 days of satisfactory completion)."

the new work; he did not specify which work items remained outstanding and stood in the way of approval. Under these circumstances, where payment is conditioned on approval by the architect who is also a party to the contract, the architect owes the subcontractor, within reason, the duty to inspect the work and to specify those items which must be corrected in order to secure his approval. *Clover Mfg. Co.* v. *Austin Co.,* 101 Conn. 208, 213–14, 125 A. 646; *Frankfort Distilleries, Inc.* v. *Burns Bottling Machine Works, Inc.,* 174 Md. 12, 197 A. 599; *Hood* v. *Meininger,* 377 Pa. 342, 105 A.2d 126; Restatement, Contracts § 265. If it were otherwise, the contractor's promise to pay would be illusory; there would be no mutuality of consideration, thereby rendering suspect a standard contract provision widely used in the construction industry. Therefore, the failure of the defendant architect to fulfill his duty to inspect the work following the plaintiff's repairs, and to specify additional corrections required, constitutes a waiver by the defendants of the condition requiring satisfaction of the architect precedent to payment. *Haugen* v. *Raupach,* supra; Restatement, 1 Contracts § 303 (d). Consequently, the defendants are estopped from raising any defense based upon that provision. *Ravitch* v. *Stollman Poultry Farms, Inc.,* 165 Conn. 135, 149, 328 A.2d 711.

In its cross appeal, the plaintiff assigns error with respect to the granting of liquidated damages to the defendants. Substantial performance was completed twenty-five calendar days after the contract completion date. The plaintiff claims that the defendants breached the contract by delaying notification, for forty days past the agreed upon final date for such notification, that it might com-

mence performance.[2] It argues that the defendants' breach entirely excuses it from the liquidated damages clause in the contract. In the alternative, the plaintiff argues that for purposes of computing liquidated damages, it should be credited with the forty-day delay of the defendants.

The trial court concluded that the date mentioned in the contract, April 20, was not a guaranteed commencement date, but merely an approximation of the earliest possible date that the plaintiff could start working. The plaintiff attacks this finding, claiming that the defendants' delay in notification until approximately June 1 that the work could begin constituted a breach of contract. The conclusion of the trial court is tested by the finding and must stand unless it is legally or logically inconsistent with the facts found or unless it involves the application of some erroneous rule of law material to the case. *New Haven* v. *United Illuminating Co.*, 168 Conn. 478, 483, 362 A.2d 785.

The plaintiff has also attacked the underlying finding of fact that "[t]he plaintiff and defendants agreed that the earliest possible date on which work by the plaintiff might begin was April 20, 1970." "A finding of fact is tested by the evidence printed in the appendices to the briefs." *State ex rel. Golembeske* v. *White*, 168 Conn. 278, 280, 362 A.2d 1354. The defendants have not filed an appendix to their reply brief and there is no other evidence

---

[2] The contract provided in relevant part: "The Sub-contractor knows that the Contractor must have his contract performed *on or before* the 20th day of April; and it is *therefore* understood and agreed that the work provided for herein shall be entirely completed on or before July 31, 1970 and to that end the Sub-contractor will perform not less than the following average amount of work: Installation by at least a 4 man crew. Taping by at least a 2 man crew." (Emphasis supplied.)

in any other appendix which could support the finding of fact. It is their duty to print all material evidence in the appendices to the briefs; the court will not look beyond the appendices to examine the transcript unless justified by extraordinary circumstances. Practice Book §§ 645, 721; *Barnini* v. *Sun Oil Co.*, 161 Conn. 59, 62, 283 A.2d 217; *State* v. *Grimes*, 154 Conn. 314, 326, 228 A.2d 141 and cases cited therein; Maltbie, Conn. App. Proc. §§ 330–331. Hence, we cannot rely on the unsupported finding of fact and must rely on the terms of the contract itself. At the outset, we note that the contract was prepared by the defendants. When there is ambiguity, we must construe contractual terms against the drafter. *Ravitch* v. *Stollman Poultry Farms, Inc.*, supra. Clause fourteen of the contract provides that "[t]he Subcontractor knows that the Contractor must have his contract performed on or before the 20th day of April." The contract and the finding show that the parties clearly intended time to be of the essence. Under these circumstances, the contract must be construed to mean that the defendants promised the plaintiff that the performance could commence on or before the 20th day of April. Since the defendants notified the plaintiff that it should commence construction a day or two before June 1, the defendants were forty days in breach of their promise to notify the plaintiff.

Even in the absence of an express covenant, "there is an implied one that the contractor shall be permitted to proceed with his construction in accordance with the contract and that he shall be given possession of the premises to enable him to do so. *Gray* v. *Bekins*, 186 Cal. 389, 395, 199 P. 767; *Rockwell* v. *New Departure Mfg. Co.*, . . . [102

Conn. 255, 289, 128 A. 302]. A delay caused by the owner may constitute a breach excusing performance as required by the contract. *Stehlin-Miller-Henes Co.* v. *Bridgeport,* 97 Conn. 657, 663, 117 A. 811; *Guerini Stone Co.* v. *Carlin Construction Co.,* 248 U.S. 334, 340, 39 S. Ct. 102 [63 L. Ed. 275]." *LiVolsi Construction Co.* v. *Shepard,* 133 Conn. 133, 136, 48 A.2d 263.

The defendants argue that due to the failure of the plaintiff to comply with a provision in the contract requiring the subcontractor to inform the contractor in writing of delays, the plaintiff should be estopped from complaining that the defendants delayed the contract. The contract provides that where the subcontractor is "detained by other Subcontractors . . . [it] will promptly notify the Contractor in writing." The trial court found that the plaintiff failed to notify the defendants in writing or in any other way that its work was being delayed by other subcontractors or by any other circumstances beyond its control. It concluded that the apparent reason for the plaintiff's failure to notify the defendants that it was being delayed by other subcontractors was that it was not delayed by anyone but the owner. Further, it concluded that the plaintiff's failure to notify the defendants that it was being delayed, as provided for in the contract, estops it from raising that complaint as a defense to the imposition of liquidated damages.

The defendants did not plead, nor is there any finding to indicate, that the delay was caused on the part of any other subcontractors. To the contrary, the finding indicates that the plaintiff was not notified by the defendants as required by their agreement. Thus, the defendants are strictly bound

by the terms of the contract they drew up; the agreement imposed no duty upon the plaintiff to render notification to the defendants.

The plaintiff, in its cross appeal, claims that the defendants' breach of promise to notify it that the work might commence by April 20 relieves the plaintiff of any obligation to pay liquidated damages for the delay. The defendants' late notification did not constitute a material breach of the contract because, as the court found, the plaintiff was not thereby precluded from satisfying the object of the contract without a substantial variance from what was contemplated by the parties. *Mazzotta* v. *Bornstein,* 104 Conn. 430, 437, 133 A. 677. The majority of jurisdictions in this country hold that where there are delays attributable to both parties, as in the present case, the liquidated damages clause based upon the contract date is entirely abrogated; the contract is to be performed within a reasonable time. *Bulkley* v. *Brainard & Childs,* 2 Root 5, 6; *Gogo* v. *Los Angeles County Flood Control District,* 45 Cal. App. 2d 334, 114 P.2d 65; *Early* v. *Tussing,* 182 Mich. 314, 148 N.W. 678. In a leading case, *Mosler Safe Co.* v. *Maiden Lane Safe Deposit Co.,* 199 N.Y. 479, 93 N.E. 81, the court explained (486): "While such an agreement has not the harshness of a penalty, it is, nevertheless, in its nature, such that its enforcement, where the party claiming the right to enforce has, in part, been the cause of delay, would be unjust. It is a reasonable view of the situation that denies, in such a case, the right to strict enforcement and, where both parties are at fault with respect to the delay, remits the injured party to the remedy of an action at law; in which he can recover his actual loss from the contractor's failure to complete within what

was a reasonable time." Thus, the party injured by the delay "must be content to recover such damages as it is able to prove were actually suffered." *United States* v. *United Engineering & Contracting Co.,* 234 U.S. 236, 242, 34 S. Ct. 843, 58 L. Ed. 1294. A court should look to the terms of the contract as evidence of admissions by the parties of what they contemplated to be "reasonable time" and to any liquidated damages clause for evidence of contemplated damages. The number of days bargained for by the parties and assigned by the contract for performance, rather than a theoretical calculation of the time necessary for performance, is a preferable measure, providing a degree of certainty and minimizing judicial refashioning of the agreement between the parties. While the parties may introduce evidence of damage arising from any additional delays, there is nothing in the record to indicate that this was done. See *Snead & Co. Iron Works* v. *Merchants Loan & Trust Co.,* 225 Ill. 442, 80 N.E. 237; *Wallis* v. *Wenham,* 204 Mass. 83, 90 N.E. 396; *Pittsburgh Iron & Steel Engineering Co.* v. *National Tube Works Co.,* 184 Pa. 251, 39 A. 76. Consequently, since the terms of the contract indicate that the parties contemplated that the plaintiff would have 103 calendar days for substantial performance of its obligations, it was error for the trial court to substitute a lesser number of days. The finding, as clarified by the memorandum of decision,[3] indicates that the plaintiff completed substantial performance within the period contemplated in the contract in that the work was finished

---

[3] A memorandum of decision may be consulted for a better understanding of a decision, to interpret the finding and to determine the grounds upon which the judgment rests. *Anonymous* v. *Norton,* 168 Conn. 421, 423, 362 A.2d 532; see Maltbie, Conn. App. Proc. § 152, and cases cited.

within the contract date, as extended by the defendants' delay. Consequently, as the contract was, in effect, timely performed, the defendants' further argument that they suffered damages due to the plaintiff's breach of a provision in the contract requiring it to provide an average of six men per day fails, absent proof that they were damaged thereby sufficiently to allow the court to ascertain the amount of damages. Hence, the defendants are not entitled to recover under their counterclaim.

There is error in part, the judgment with respect to the counterclaim is set aside and the case is remanded with direction to render judgment in accordance with this opinion.

In this opinion the other judges concurred.