[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S OBJECTION TO ACCEPTANCE OF REPORT OF ATTORNEY TRIAL REFEREE (#118)
The plaintiff, Larson Skiba Associates, Inc., filed a two count complaint on July 26, 1989 against the defendant, Hanover International, Inc., alleging breach of contract and fraud, respectively. The plaintiff alleges that the defendant failed to pay the plaintiff a commission owed to it on the sale of the defendant's business pursuant to a listing agreement.
The case was tried before an attorney trial referee who filed his findings of fact and recommendation that judgment enter in favor of the plaintiff for $63,750.00 plus costs and CT Page 23 attorney fees. The plaintiff moved for judgment on August 28, 1990. Also on August 28, 1990, the defendant moved to correct the attorney trial referee's findings of fact in a number of ways to result in a recommendation of judgment for the defendant. The trial referee corrected the findings to add, "10. The agreement between the parties was drafted and prepared by the plaintiff," but denied the defendant's other requests for correction.
On September 26, 1990, the defendant filed an "Objection to Acceptance of Report of Attorney Trial Referee" on the basis that the referee "incorrectly applied the rules of construction of a document in that he failed to find that the agreement. . .contained ambiguities which could not be reconciled and that said ambiguities must be construed against the plaintiff as the drafter thereof," and that "[a] correct application of these rules would have led to a recommendation that judgment enter in favor of the defendant." The plaintiff filed a memorandum in response to the defendant's objection on October 2, 1990 and the defendant filed a memorandum in support of its objection on October 9, 1990.
Pursuant to Conn. Gen. Stat. 52-434 (a)(4) (rev'd to 1989), the chief justice may appoint attorney trial referees. An attorney referee is "simply a factfinder whose determination of the facts is reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book 428 through 445." Seal Audio, Inc. v. Bozak, Inc. 199 Conn. 496, 502 (1986). "The rules of practice governing procedure in matters referred to committees are also applicable to `state referees.' Practice Book 428." Id. at 503; see also Dills v. Enfield, 210 Conn. 705, 712 (1989).
The attorney trial referee is obliged to report to the court "the facts found and the conclusions drawn therefrom, " but the report may be supplemented with a "memorandum of decision including such matters as he may deem helpful in the decision of the case. . . ." Conn. Practice Bk. 434, see Seal Audio, Inc., 199 Conn. at 503. A party may seek additions or corrections in the facts contained in the committee's report by filing a motion for that purpose pursuant to Conn. Practice Bk. 438. Seal Audio, Inc., 199 Conn. at 503. Factual findings may be reviewed by the court by filing exceptions to the report pursuant to Conn. Practice Bk. 439.
A party may file objections to the acceptance of a report on the ground that conclusions of facts stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings, or that there are other reasons why the report CT Page 24 should not be accepted. Conn. Practice Bk. 440. "Before judgment is rendered upon the report, an opportunity for a hearing before the court is provided for the purpose of considering any objections or exceptions to the report. Practice Book 442." Seal Audio, Inc., 199 Conn. at 503.
"The function of the court is ordinarily to `render such judgment as the law requires upon the facts in the report as it may be corrected.' Practice Book 443." Id.; see Dills,210 Conn. at 713.
As provided in Conn. Practice Bk. 434, a referee's determination of law in his or her report are not binding on the court. Dills, 210 Conn. at 712-12. The court's holding in Seal Audio, Inc., "necessarily implies that the trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee. The nondelegable judicial duty to renew judgments is not limited to endorsement of the decision recommended by the referee." Id. at 713. "The views of. . .[an attorney trial referee] upon the law carry no more force than those of the parties in their arguments at the hearing before the court that is to enter judgment." Seal Audio, Inc, 199 Conn. at 510
(citations omitted). "The reviewing court is the effective arbiter of the law and the legal opinions of. . .[an attorney trial referee], like those of the parties, though they may be helpful, carry no weight not justified by their soundness as viewed by the court that renders judgment." Id., see also Rostenberg-Doern Co. v. Weiner, 17 Conn. App. 294, 300 (1989).
"If the court finds that the. . .[attorney trial referee] has materially erred in his rulings or that by reason of material corrections in his findings the basis of his report is subverted or that there are other sufficient reasons why the report should not be accepted, the court shall reject the report and refer the matter to the same or another. . .[attorney trial referee] for a new trial or revoke the reference and leave the case to be disposed of in court." Conn. Practice Bk. 443; Seal Audio, Inc., 199 Conn. at 503-04. "Although the remainder of Practice Book 443 [quoted above] contemplates the possibility of further proceedings before a referee or a court, . . . that direction . . . [applies] only when a trial court discovers material errors in the referee's factual findings." Dills, 210 Conn. at 713; see Rostenberg-Doern Co.,17 Conn. App. at 300. "The trial court . . . [has] the inherent authority, even without a request for judgment . . . to render whatever judgment is appropriate in light of the facts found by the attorney trial referee." Dills, 210 Conn. at 713.
The plaintiff argues the defendant's objection "deals CT Page 25 solely with the meaning of the agreement between the parties as based on the intention of the parties as expressed in the agreement and all the other evidence heard" by the attorney trial referee. The plaintiff claims that a determination of the intention of the parties is normally a question of fact which must be raised by exception to the report pursuant to Conn. Practice Bk. 439 rather than by objection pursuant to section 440.
The defendant argues that it does not object to any of the facts as found by the referee, but rather claims that the attorney trial referee "made an error of law in failing to apply the correct legal rule of construction" that any ambiguity or contradiction must be resolved against the drafter of the contract which in this case was the plaintiff. The defendant argues that its use of an objection rather than exception is proper.
The defendant's claim that the attorney trial referee incorrectly applied the rules of construction of a document which, if correctly applied, would have resulted in a judgment for the defendant is an attack upon the conclusions "reached on the basis of subordinate facts found" (see Conn. Practice Bk. 440) and is therefore properly raised as an objection to the attorney trial referee's report. The defendant has followed the appropriate procedure of first filing a motion to correct the findings pursuant to Conn. Practice Bk. 438 and then filing its objection to the report pursuant to section 440. The defendant has filed its objection within two weeks of the ruling on the motion to correct in compliance with Conn. Practice Bk. 441.
The defendant attaches the finding of the trial referee alleging that the trial referee improperly applied the rule of construction requiring that ambiguities be construed against the drafter. See Hartford Electric Applicators of Thermalux, Inc. v. Alden, 169 Conn. 177, 182, 363 A.2d 135, 139 (1975); Cody v. Remington Electric Shavers, Division of Sperry Rand Corp., 179 Conn. 494, 497 (1980); and Sturman v. Socha,191 Conn. 1, 9 463 A.2d 527, 532 (1983).
But that agreement presumes that the terms of the contract are ambiguous.
In paragraph 5 of its answer the defendant admitted "[t]hose portions of paragraph 11 (of the complaint) which allege that the plaintiff through its efforts procured and made available for sale the property of the defendant, that a purchaser, Thomas Taylor, did in fact enter into an agreement to purchase said property and that the defendant now fails and CT Page 26 refuses to pay a commission to the plaintiff. "
The trial referee finding of facts included the following:
The contract was an exclusive contract given to the plaintiff to sell the defendant's business for a six month period. During the first three months of the contract the defendant had an exclusive right to sell the business to certain people including one Tom Taylor as an exception to the terms of the contract. After the first three months of the agreement the defendant was bound under the contract to refer potential buyers to the plaintiff. Instead of referring Mr. Taylor to the plaintiff to negotiate a sales agreement, the defendant continued to negotiate with Taylor and with one month still to go on the listing time told the plaintiff to cease its efforts to sell the defendant's business, and that the defendant had an agreement to sell the business. The closing took place four days after the expiration of the leasing agreement. The agreement also provided that a commission would be earned with respect to any purchaser introduced to the seller during the agreement who purchased within 24 months of the end of the listing agreement. By not referring Mr. Taylor to the plaintiff, the defendant breached the agreement. He prevented the plaintiff from negotiating with Taylor. In effect when the defendant continued to negotiate with Taylor in the last six months of the contract, he was also acting as the broker's agent since any sale made entitled the broker to a commission. The defendant after breaking the contract by refusing to turn a potential buyer over to the broker prevented the broker from closing the deal. Having so breached the contract the seller is in no position to invoke the contract and state that the contract is ambiguous. See Missionaries of Mary, Inc. v. Aetna Casualty Surety Co. 155 Conn. 104, 114
(1967).
In any case, the Trial Referee found no ambiguities in the contract. As the Trial Referee correctly pointed out in his Memorandum filed in response to defendant's motion to correct the finding (#117-50).
 "The rule of construction which provides that an ambiguous agreement is to be construed against the party who drafted is one rule of construction among several; it is not controlling. The contract is the case at bar, when considered in its entirety, demonstrates that it was the intention of the parties that the plaintiff be granted an exclusive right to sell the CT Page 27 business. After December 31, 1988, no agreement to purchase having been entered into, the exclusions were no longer operative and the exclusive right to sell applied to all buyers without exception."
The defendant having no other objections to the trial referee's report and finding, the court enters judgment in favor of the plaintiff, Larson Skiba Associates, Inc., against the defendant, Hanover International, Inc. in the amount of $63,750.00 plus costs and attorney's fees in the amount of $6,750.00.
CLARK, J.