The plaintiffs, Eleanor C. DeNino, Walter A. DeNino and Michael J. Carnemolla, brought this action against the defendant, Leonard Udolf, and other defendants having interest in the premises subsequent to that of the plaintiffs to foreclose a note and mortgage on the property located at 190 Trumbull Street in Hartford, Connecticut. The complaint seeks strict foreclosure. The only remaining defendant is Udolf.
The evidence established the following facts:
On January 4, 1982, Leonard Udolf (the "defendant") purchased the property known as 190 Trumbull Street, Hartford, Connecticut (the "property") from a partnership that included the plaintiffs, Walter A. DeNino and Michael J. Carnemolla. On that date, the defendant executed a Purchase Money Mortgage Deed (the "mortgage") to the plaintiffs on the property.
The mortgage is in the amount of $495,000 and is the third mortgage on the property. A mortgage in favor of Union Labor Life Insurance Company with an approximate unpaid balance of $375,000 and a mortgage in favor of Burritt Interfinancial Ban-corporation with an approximate unpaid balance of $150,000 are both prior in right to the plaintiffs' mortgage.
On March 28, 1991, Udolf obtained a $4,000,000 mortgage loan in favor of Suffield Bank covering both the 190 Trumbull Street property and an office building at 836 Farmington Avenue, West Hartford, Connecticut. CT Page 8734-J
Subsequently, on August 15, 1991, the plaintiffs discovered the mortgage in favor of Suffield Bank and on August 16, 1991, they declared the entire unpaid balance due and payable forthwith, claiming that the defendant failed to obtain the written approval of the holders of the note as set forth in paragraph 27 of the mortgage deed.
The plaintiffs do not claim that the defendant failed to make any of the required payments under the mortgage or that their lien lost its priority, but have moved for strict foreclosure on the basis of his allegedly improper placement of a fourth mortgage on the property in violation of paragraph 27 of the mortgage deed. The defendant has alleged as special defenses to the plaintiffs' action that he is not in default concerning plaintiffs' mortgage and that the mortgage to Suffield Bank did not require the subordination of plaintiffs' mortgage in any way.
The issue presented is whether the subsequent mortgage by Udolf to Suffield Bank to secure $4,000,000, without having obtained the plaintiffs' prior written approval to do so, constitutes an unpermitted encumbrance, thereby giving the plaintiffs the right to accelerate the mortgage debt.
The plaintiffs argue that Udolf's intent is irrelevant when the parties have reduced their agreement to writing. Didriksen v. Havens, 136, Conn. 41, 48 (1949). However, "because a mortgage foreclosure action is an equitable proceeding, the trial court may consider all relevant circumstances to insure that complete justice is done." Reynolds v. Ramos, 188 Conn. 316 320 (1982). Even if plaintiffs' contention is true, the plain language of paragraph 27 of the mortgage deed lends itself to several ambiguities when interpreted along with the remaining provisions in the deed.
First, paragraph 6 of the mortgage deed requires that notice of subordination shall be given upon request by the note holders for any interest or encumbrance upon the property, indicating that the mortgagee's intent was to maintain its priority. Next, paragraph 22 states that "no other mortgage or deed of trust shall be placed on the property other than on a basis of express subordination," also indicating an intent to maintain priority., Paragraph 27 fails to mention a "mortgage" at all. It refers only to an encumbrance or other elimination of title. Considering the various provisions of the mortgage deed as a whole, whether or not the subsequent mortgage is an encumbrance contemplated by paragraph CT Page 8734-K 27 is clearly ambiguous. See Lar-Rob Bus Corporation v. Fairfield,170 Conn. 397, 407. See also Blatt v. Star Paper Co.,160 Conn. 193, 200 (1970).
At the summary judgment stage of the litigation, Judge Satter found that paragraph 27 of the mortgage deed created an ambiguity which required proof of the parties' intent. Since the plaintiffs' attorney drafted the mortgage deed, any ambiguities must be construed in favor of the defendant. Hartford Elec. Applicators of Thermalux v. Alden, 169 Conn. 177 (1975); Sturman v. Socha, 191 Conn. 1 (1983).
Paragraph 23 of the mortgage deed contains a list of defaults that permit the grantees to accelerate the mortgage debt. A subsequent encumbrance is not included among any of the twenty defaults. Any one of the previously mentioned ambiguities makes it reasonable for the defendant to believe that a fourth mortgage was permitted, provided that it was subordinated to plaintiffs' interests.
The implied covenant of good faith and fair dealing also supports Udolf's position. The doctrine is a rule of construction designed to carry out the intent of the contracting parties. Magnan v. Anaconda Industries, 193 Conn. 558, 567 (1984). The defendant testified that he did not intend to enter into a mortgage which would restrict his right to encumber the property subsequently. The ambiguous provisions lens support to defendant's testimony about his intent.
Equitable consideration mandate a judgment in favor of the defendant. Plaintiffs' request for strict foreclosure would impose a penalty on the defendant. According to the testimony of John Lamonte, the mortgaged premises had a fair market value of $1,530,000 on June 30, 1992. The sum total of plaintiffs' outstanding note and the two prior mortgages is approximately $1,020,000. Strict foreclosure would result in a disproportionate forfeiture, The Connecticut Supreme Court has held that equitable considerations can allow a party relief from a forfeiture wholly disproportionate to the other party's injury. Fellows v. Martin, 217 Conn. 57, 65 (1991). Plaintiffs have not been injured at all by this alleged technical breach of contract. Therefore, strict foreclosure being inappropriate under the circumstances, judgment is entered in favor of the defendant. CT Page 8735