[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S OBJECTION TO ACCEPTANCE OF REPORT
The gist of the plaintiff's objection to the acceptance of the report of the attorney trial referee is that the plaintiff was excused from any further performance of the contract because, as the referee found: "On or about July 12th, the plaintiffs [sic] were directed by an official of the town of Stratford to leave the job cite [sic] because the project was in violation of the zoning regulations of the town of Stratford." However, the referee also found that "[s]hortly thereafter the zoning problem was resolved by the defendant with the purchase of a small parcel in the rear of the subject property." (Emphasis added.)
"Even in the absence of an express covenant, `there is an implied one that the contractor shall be permitted to proceed with his construction in accordance with the contract and that he shall be given possession of the premises to enable him to do so.Gray v. Bekins, 186 Cal. 389, 395, 199 P. 767; Rockwell v. NewDeparture Mfg. Co., . . . [102 Conn. 255, 289, 128 A. 302]. A delay caused by the owner may constitute a breach excusing performance as required by the contract. Stehlin-Miller HenesCo. v. Bridgeport, 97 Conn. 657, 663, 117 A. 811; Guerini StoneCo. v. Carlin Construction Co., 248 U.S. 334, 340, 39 S.Ct. 102
[63 L.Ed. 275].' LiVolsi Construction Co. v. Shepard, 133 Conn. 133,136, 48 A.2d 263." Hartford Electric Applicators ofThermalux, inc. v. Alden, 169 Conn. 177, 182, 363 A.2d 135
(1975). More specifically, "[a] party claiming that a supervening event or contingency has prevented, and thus excused, a promised performance must demonstrate that: (1) the event made the performance impracticable; (2) the nonoccurrence of the event was a basic assumption on which the contract was made; (3) the impracticability resulted without fault of the party seeking to be excused; and (4) the party has not assumed a greater CT Page 10873 obligation than the law imposes." O'Hara v. State, 218 Conn. 628,637, 590 A.2d 948 (1991). The plaintiff's claim founders on the first criteria.
There is no finding that the stop work order, of short duration, made the plaintiff's performance impracticable, nor is there any subordinate finding from which such an ultimate finding or conclusion may be drawn. Nor is there any finding that there was any particular time fixed in the contract for the plaintiff's performance. Even "`[w]here a time for performance is stated in an agreement, a party's tender of performance within a reasonable time thereafter will be considered substantial performance unless the parties intend that time for performance be of the essence.'Mihalak v. Mihalak, 11 Conn. App. 610, 616, 529 A.2d 213 (1987). Because delays are typical in transactions involving . . . building contracts, time is ordinarily not of the essence in these contracts. 6 S. Williston, Contracts (3d Ed.) §§ 849, 852; 3A A. Corbin, Contracts § 720." Miller v. Bourgoin,28 Conn. App. 491, 498, 613 A.2d 292 (1992), cert. denied, 223 Conn. 927
(1992). Where a contract does not specify the time for performance, "the law will imply that the parties intended that it be completed within a reasonable period of time. Cohn v.Dunn, 111 Conn. 342, 347, 149 A. 851 (1930)." NortheastElectrical Contractors v. Udolf, 1 Conn. App. 169, 172,469 A.2d 419 (1984). There is no finding that the short interruption in work caused by the zoning problem prevented such completion. Even if the issuance of the cease and desist order by the zoning official may have amounted to a breach of the defendants' implied covenant that the plaintiff would be permitted to proceed with the construction, "[f]airness ordinarily dictates that the party in breach be allowed a period of time — even if only a short one — to cure the breach if he can. If he does cure within that period, the injured party is not justified in further suspension of his performance and both parties are still bound to complete their performances." E. Farnsworth, Contracts (1982), § 8.18, p. 615. Since there is an unassailed finding by the referee that when the stop work order issued, "[s]hortly thereafter, the zoning problem was resolved", the plaintiff's objection to acceptance of the report of the attorney trial referee is overruled.
Judgment may enter in accordance with the memorandum of decision, as amended, of the attorney trial referee.
BY THE COURT
CT Page 10874
Bruce L. LevinJudge of the Superior Court